# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### Case No.:

**SUSAN RODRIGUEZ-PEREZ,**

     **Plaintiff,**                                   **COMPLAINT**

**v.**

**EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and BARCLAYS BANK DELAWARE,**

                                        **DEMAND FOR JURY TRIAL**

     **Defendants.**

_____/

## COMPLAINT

Plaintiff, Susan Rodriguez-Perez("Plaintiff"), by and through counsel, files this Complaint against Equifax, Information Services LLC, ("Defendant Equifax" or "Equifax"), Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant Barclays Bank Delaware, ("Defendant Barclays" or "Barclays"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

5. Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7. Defendant Barclays is a financial institution whose registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Barclays is a financial institution, providing lines of credit to consumers.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **GENERAL ALLEGATIONS**

8.      This action involves derogatory and inaccurate reporting of a credit card account (the "Account") by Defendant Barclays to Plaintiff's credit profile.

9.      On May 20, 2021, Plaintiff made a payment to Defendant Barclays for the Account that was due on June 8, 2021. Plaintiff made the payment over the phone as, on that day, Plaintiff was not able to login and make a payment though Defendant Barclay's website.

10.     In or about early November 2023, Plaintiff requested a copy of her credit report from Defendant Equifax. The Equifax Report inaccurately listed the Account's payment history as thirty (30) days late for June 2021.

11.     In or about early November 2023, Plaintiff submitted a dispute to Defendant Equifax because the Equifax Report inaccurately listed the Account's payment history as thirty (30) days late for June 2021.

12.     In late November 2023, Equifax verified the Account and indicated that Barclays certified to Equifax that the information was accurate.

13.     In or about early November 2023, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union Report inaccurately listed the Account's payment history as thirty (30) days late for June 2021.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.    On or about early November 2023, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union Report inaccurately listed the Account's payment history as thirty (30) days late for June 2021.

15.    On or about late November 2023, Trans Union verified the Account and indicated that Barclays certified to Trans Union that the information was accurate.

16.    As of the filing of this complaint, Defendant Equifax and Defendant Trans Union are still reporting the Account inaccurately on Plaintiff's credit reports.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

17.    Plaintiff incorporates by reference paragraphs ¶¶ 1-16 of this Complaint.

18.    Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Barclays and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Barclays.

19.    In or around November of 2023, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Barclays. Therefore, in or around early November of 2023, Plaintiff reported this inaccurate and derogatory information to Equifax.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20.     Defendant Barclays verified the inaccurate reporting of the Account's payment history. Despite Equifax having been put on notice of the inaccurate reporting, Equifax did not correct the inaccurate information on Plaintiff's Equifax credit report.

21.     As of the filing of this complaint, Defendant Barclays's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

22.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

23.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

24.     Despite Equifax having received Plaintiff's dispute of Defendant Barclays's information, Equifax continues to report the Account's payment history as thirty (30) days late for June 2021.

25.     Continuing to report the status of Plaintiff's account in this fashion is significant.

26.     By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has a large auto loan pending and due (when he has already paid the loan off in full) which reflects on Plaintiff's creditworthiness by impacting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

her credit score negatively.

27.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

28.     Equifax failed to conduct a reasonable investigation and reinvestigation.

29.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

30.     Equifax failed to conduct an independent investigation and, instead, deferred to Barclays, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

31.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

32.     Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

33.     Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant Barclays despite being in possession of evidence that the information was inaccurate.

34.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

35.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

36.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

38.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

39.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

40.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

41.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

42.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

43.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

44.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

45.     Plaintiff incorporates by reference paragraphs ¶¶ 1-44 above of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

47.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

48.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

49.     Additionally, Equifax negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

50.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d]  the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

51.   The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

52.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

53.   As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

55.     Plaintiff incorporates by reference paragraphs ¶¶ 1-16 of this Complaint.

56.     Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account by Defendant Barclays and continues to include the same information concerning inaccurate and derogatory reporting of the Account by Defendant Barclays.

57.     In or around November of 2023, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Barclays. Therefore, in or around early November of 2023, Plaintiff reported this inaccurate and derogatory information to Trans Union.

58.     Defendant Barclays verified the inaccurate reporting of the Account's payment history. Despite Trans Union having been put on notice of the inaccurate reporting, Trans Union did not correct the inaccurate information on Plaintiff's Trans Union credit report.

59.     As of the filing of this complaint, Defendant Barclays's derogatory and inaccurate information is still listed on Plaintiff's credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

60.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

61.    Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

62.    Despite Trans Union having received Plaintiff's dispute of Defendant Barclays's information, Trans Union continues to report the Account's payment history as thirty (30) days late for June 2021.

63.    Continuing to report the status of Plaintiff's account in this fashion is significant.

64.    By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has a large auto loan pending and due (when he has already paid the loan off in full) which reflects on Plaintiff's creditworthiness by impacting her credit score negatively.

65.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

66.    Trans Union failed to conduct a reasonable investigation and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reinvestigation.

67.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

68.     Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant Barclays, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

69.     Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

70.     Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

71.     Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Barclays despite being in possession of evidence that the information was inaccurate.

72.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

73.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

74.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

75.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

76.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

77.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

78.    The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

79.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

80.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

violation of the 15 U.S.C. § 1681e(b).

81.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

82.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence  in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

83.     Plaintiff incorporates by reference paragraphs ¶¶ 1-16 and ¶¶ 55-82 of this Complaint.

84.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

conduct a reasonable reinvestigation with respect to the disputed information.

85.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

86.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

87.    Additionally, Trans Union negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

88.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the  failure  to  remove  and/or  correct  the  inaccuracy  and  derogatory  credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e]  the  continual  placement  of   inaccurate  information  into  the  credit  report  of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

89.    The conduct, action, and inaction of Trans Union, was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

90.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91.    As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

92.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Barclays)

93.    Plaintiff incorporates the paragraphs ¶¶ 1-16 and by reference of this Complaint.

94.    Defendant Barclays is a financial institution, providing lines of credit to consumers.

95.    In or about November of 2023, Plaintiff checked her credit report and noticed that there was an inaccurate report from Defendant Barclays.

96.    In or about November of 2023, Plaintiff submitted disputes of the erroneous and derogatory reporting to Equifax and Trans Union by Defendant Barclays.

97.    In response to the Disputes, Equifax and Trans Union promptly and properly gave notice to Defendant Barclays of the Disputes in accordance with the FCRA.

98.    As of the filing of this complaint, the Account Balance has continued to be verified by Defendant Barclays.

99.    Defendant Barclays is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reporting agencies about consumer transactions or experiences with any consumer.

100.   On a date better known by Defendant Barclays, Equifax and Trans Union promptly and properly gave notice to Defendant Barclays of Plaintiff's Disputes in accordance with the FCRA.

101.   In response to the notices received from Equifax and Trans Union regarding Plaintiff's Disputes, Defendant Barclays did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

102.   In response to receiving notice from Equifax and Trans Union regarding Plaintiff's Disputes, Defendant Barclays failed to correct and/or delete information it knew to be inaccurate and/or which Equifax and Trans Union could not otherwise verify.

103.   Instead of conducting a reasonable investigation, Defendant Barclays erroneously validated the Account and continued to report inaccurate information to Equifax and Trans Union.

104.   On at least one occasion within the past year, by example only and without limitation, Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

105.   On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Trans Union.

106.  On at least one occasion within the past year, by example only and without limitation, Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Equifax and Trans Union about the inaccurate information.

107.  Upon information and belief, Defendant Barclays was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

108.  Defendant Barclays's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

109.  As a direct and proximate result of Defendant Barclays's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

110.    Defendant Barclays's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court November allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

111.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Barclays, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Barclays)

112.    Plaintiff incorporates by reference paragraphs ¶¶ 1-16 and 93-111 of this Complaint.

113.    On at least one occasion within the past year, by example only and without limitation, Defendant Barclays violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

114.    On one or more occasions within the past year, by example only and without limitation, Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

agencies.

115.   On one or more occasions within the past year, by example only and without limitation, Defendant Barclays violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

116.   When Defendant Barclays received notice of Plaintiff's disputes from Equifax and Trans Union, Defendant Barclays could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

117.   Defendant Barclays would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Barclays had reviewed its own systems and previous communications with the Plaintiff.

118.   Defendant Barclays's investigation was per se deficient by reason of these failures in Defendant Barclays's investigation of Plaintiff's Disputes.

119.   As a direct and proximate result of Defendant Barclays's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

120.   Defendant Barclays's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

121.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Barclays awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: December 21, 2023

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*